UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LAUREN JOY FLEISHMAN,

                Plaintiff,                           **REPORT & RECOMMENDATION**
                                                                  **19 CV 5595 (EK)(LB)**

  -against-

WORLD BRIDE MAGAZINE, LLC,

                Defendant.
-----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff, Lauren Joy Fleishman, brings this civil action against defendant, World Bride Magazine, LLC, alleging defendant's unauthorized reproduction and public display of a copyrighted photograph, owned and registered by plaintiff, violated her rights under 17 U.S.C. §§ 106 and 501. Despite proper service of the summons and complaint, defendant has failed to plead or otherwise defend this action. Plaintiff now moves for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. ECF No. 9. The Honorable Eric Komitee referred plaintiff's motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b).[1] For the reasons set forth below, it is respectfully recommended that plaintiff's motion for a default judgment should be granted in part and denied in part.

## BACKGROUND[2]

        Defendant is a New York domestic limited liability company with its place of business at 10 Downing Street, Brooklyn, New York 11238 and a website located at www.worldbride magazine.com. ECF No. 1, Complaint ("Compl.") ¶ 6. Plaintiff is a professional photographer

---

[1] The case was reassigned to Judge Komitee on January 29, 2020.
[2] The facts are drawn from the uncontested allegations in plaintiff's complaint, as well as documents incorporated by reference, and are taken as true for the purpose of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997) (deeming all well-pleaded allegations in a complaint admitted on a motion for a default judgment).

1

based in New York who licenses her photographs to online and print media for a fee. Id. ¶¶ 1, 5. Plaintiff photographed the fashion designer Virgil Abloh (the "Photograph") and registered the Photograph with the United States Copyright Office (Registration No. VA 2-166-393). Id. ¶¶ 7, 10; ECF Nos. 1-1.

On March 26, 2018, defendant published an article on its website titled *All Hail The King-Louis Vuitton Announces Virgil Abloh As Director Of Men's Division*[3] that featured the Photograph. Compl. ¶ 11; ECF No. 1-2. Plaintiff alleges that defendant did not license the Photograph from her, nor did defendant otherwise secure her permission to publish the Photograph on its website. Compl. ¶ 12.

## PROCEDURAL HISTORY

Plaintiff filed the instant action on October 2, 2019. ECF No. 1. Approximately five months after the commencement of this action, the Court directed plaintiff to file proof of service of the summons and complaint on defendant. Electronic Order dated Mar. 30, 2020. The same day, plaintiff filed an affidavit reflecting service of the summons and complaint on the Secretary of State of New York dated October 4, 2019. ECF No. 6. As defendant had not timely responded to plaintiff's complaint, the Court directed plaintiff to take appropriate action against defendant.[4] Electronic Order dated Apr. 1, 2020. The Clerk of Court noted entry of defendant's default on April 10, 2020. ECF Nos. 7–8. Plaintiff now moves for a default judgment pursuant to Rule 55(b)(2). ECF No. 9. Plaintiff's motion consists of a declaration from her counsel, Richard Liebowitz, and accompanying exhibits, ECF No. 10 ("Pl. Mot."); a statement of damages

---

[3] Plaintiff alleges the Photograph was published in an article on defendant's website located at: http://worldbridemagazine.com/15754/all-hail-the-king-louis-vuitton-announces-virgil-abloh-as-art-director-of-mens-division/. Compl. ¶ 11. The article has since been removed.

[4] Plaintiff's motion states that process was served on defendant on October 4, 2019 and that "the deadline to file an answer or responsive pleading was October 25, 2020 (sic)." Pl. Mot. ¶ 8. The Court takes notice that defendant's responsive pleading was due on October 25, 2019. See FED. R. CIV. P. 12(a).

2

describing plaintiff's actual damages for copyright infringement, ECF No. 11;[5] and a proposed judgment, ECF No. 12.[6]

## DISCUSSION[7]

### I. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118

---

[5] Plaintiff's "Statement of Damages" is included verbatim within counsel's declaration in support of default judgment and an award of damages. Compare Pl. Mot. ¶¶ 13-16, with ECF No. 11.

[6] On July 27, 2020, plaintiff's counsel filed Judge Jesse Furman's Opinion and Order sanctioning him and the Liebowitz Law Firm in a copyright matter pending in the Southern District of New York. ECF No. 13. Judge Furman referred Mr. Liebowitz to the Grievance Committee in the Southern District and sanctioned him $103,517.49 for (1) repeated violations of the Court's Orders; (2) repeated lies to the Court, including while under oath, about whether a mediator granted his client permission to participate in the mediation by telephone; and (3) false allegations asserted in a complaint and failure to reasonably investigate the issue. Usherson v. Bandshell Artist Mgmt., No. 19 Civ. 6368 (JMF), 2020 WL 3483661, at *11 (S.D.N.Y. June 26, 2020). Mr. Liebowitz has appealed the Opinion and Order to the Court of Appeals for the Second Circuit. See ECF No. 13.

[7] Plaintiff's counsel filed an unsworn statement that "all supporting papers have been served on Defendant's last known business address by U.S. mail." ECF No. 9. As a threshold matter, although such notice may not comply with Local Rule 55.2(c), see Chocolatl v. Rendezvous Café, Inc., No. 18 Civ. 3372 (CBA)(VMS), 2020 WL 3002362, at *3 (E.D.N.Y. Feb. 20, 2020), report and recommendation adopted by, 2020 WL 1270891 (E.D.N.Y. Mar. 17, 2020), the Court considers plaintiff's motion on the merits. See e.g., Lowery v. Fire Talk LLC, No. 19-CV-3737 (LDH)(RER), 2020 WL 5441785 (E.D.N.Y. June 29, 2020), (considering Mr. Liebowitz's motion for a default judgment in a copyright infringement case on the merits despite an unsworn statement in the Notice of Motion that the moving papers were mailed to defendant's last known business address), report and recommendation adopted by 2020 WL 5425768 (E.D.N.Y. Sept. 10, 2020).

(E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997). Regardless of the assumption of truth, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (internal quotation marks and citation omitted). In evaluating "whether the unchallenged facts constitute a legitimate cause of action," the Court is limited to the four corners of the complaint. The Court is not so restricted in determining damages, which may be calculated based on documentary evidence, affidavits, or evidence gleaned from a hearing on damages. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111).

## II.     Liability

The Copyright Act protects the exclusive rights of copyright owners to reproduce and distribute copies of protected works by empowering them to bring suit for copyright infringement. See 17 U.S.C. §§ 106, 501. A copyright owner establishes infringement by proving two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are

4

original." Sheldon v. Plot Commerce, No. 15-CV-5885(CBA)(CLP), 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016), (internal quotation marks omitted) (quoting Feist Publ., Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)), report and recommendation adopted by, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016). A Copyright Office certificate of registration, if timely obtained, constitutes "prima facie evidence of the validity of the copyright and the facts stated in the certificate." 17 U.S.C. § 410(c); see also Sheldon, 2016 WL 5107072, at *11. In cases of default, where the allegations in a complaint are accepted as true, a plaintiff's assertion of the existence of a valid copyright, even without producing the certificate, are satisfactory. See Renna v. Queens Ledger/Greenpoint Star Inc., No. 17-CV-3378(DRH)(SIL), 2019 WL 1061259, at *3 (E.D.N.Y. Feb. 13, 2019) (collecting cases), report and recommendation adopted by, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019). A plaintiff demonstrates "copying of constituent elements…that are original" when she shows that the work was "independently created" and "possesses at least some minimal degree of creativity." Pasatieri v. Starline Prods. Inc., No. 18-CV-4688(PKC)(VMS), 2020 WL 207352, at *2 (E.D.N.Y. Jan. 14, 2020) (internal quotation marks omitted) (quoting Feist Publ., Inc., 499 U.S. at 345). In the context of a photograph, plaintiff satisfies this requirement by highlighting factors such as the work's unique subject matter, angle, and lighting. Id. (quoting E Am. Trio Prods. Inc. v. Tang Elec. Corp., 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000)). Allegations that defendant reproduced and published a protected photograph, without proper authorization, are adequate to establish liability. Id. at *3.

Here, plaintiff has established defendant's Copyright Act liability. The complaint alleges that plaintiff is the author of the Photograph, its sole copyright owner, and that the Photograph was registered with the Copyright Office under registration number VA 2-166-393. Compl. ¶¶ 8, 10.[8]

---

[8] Although the paragraphs in the complaint are numbered, there is no paragraph 9. Compl. at 2.

5

Defendant allegedly published an article on its website which featured the Photograph without first obtaining a license or permission from plaintiff. Id. ¶¶ 11-12.[9] The complaint attaches as exhibits both a copy of the Photograph, id. Ex. A, and a copy of the article including the Photograph, id. Ex. B. Comparison of the two reveals that they are identical, containing the same subject matter, lighting, and angle. Compare id. Ex. A with id. Ex. B. Accordingly, plaintiff has established defendant's publication of the Photograph was copyright infringement and plaintiff may pursue damages.

### III. Damages

It is well established that a default, is "deemed to constitute a concession of all well pleaded allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks and citation omitted); see also Credit Lyonnais Secs. (USA), Inc., 183 F.3d at 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."). On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc, 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). The Court, however, does not need to hold a hearing, as "detailed affidavits and documentary evidence" may be sufficient. Cement &

---

[9] The complaint does not allege the date that plaintiff's copyright became effective or when the article containing the Photograph was published. The article itself appears to have been published on March 26, 2018. Id. Ex. B. For the purposes of liability, the timing of registration and publication are immaterial because "[u]pon registration of the copyright, … a copyright owner can recover for infringement that occurred both before and after registration." Fourth Estate Benefit Corp. v. Wall-Street.com, LLC, 139 S.Ct. 881, 886-87 (2019).

6

Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234 (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)).

Plaintiff's complaint, rather than seeking statutory damages, requests "actual damages and [d]efendant's profits, gains or advantages of any kind attributable to [d]efendant's infringement." Compl. at 4. Plaintiff also seeks "punitive damages" and "pre-judgment interest." Id. Now on default, plaintiff seeks to recover actual damages, in the amount of $3,000, suffered due to defendant's infringement, in the form of "Lost Licensing Fees" and "Defendant's Ill-Gotten Gains." Pl. Mot. ¶¶ 13-16.

A.  **Actual Damages**

Once a defendant is found liable for copyright infringement, the Court may award either the copyright owner's actual damages or statutory damages.[10] 17 U.S.C. § 504(a). "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Id. § 504(b). In other words, "[a]n award of actual damages 'undertakes to compensate the [copyright] owner for any harm he suffered by reason of the infringer's illegal act.'" Pasatieri, 2020 WL 207352, at *3 (quoting On Davis v. The Gap, Inc., 246 F.3d 152, 159 (2d Cir. 2001). The burden is on plaintiff to produce evidence demonstrating the true extent of the damages. See Romanowicz v. Alister & Paine, Inc., No. 17-CV-8937(PAE)(KHP), 2018 WL 4762980, at *3 (S.D.N.Y. Aug. 3, 2018) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)), report and recommendation adopted by, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018)). Courts have discretion

---

[10] Statutory damages are not available when infringement occurs before the effective date of an unpublished copyrighted work's registration or when infringement occurs after publication but before registration, unless registration is made within three months after the first publication. See 17 U.S.C. § 412.

to determine an appropriate award amount and can choose to hold a hearing or rely on documentary evidence. Id. (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d 105 at 111).

In calculating actual copyright damages, Courts often look to lost licensing fees and "rely upon 'the market value of the fee the owner was entitled to charge for such use.'" Pasatieri, 2020 WL 207352, at *4 (quoting On Davis, 246 F.3d at 165). The amount awarded in actual damages though must be reasonable and cannot be "based on 'undue speculation.'" Renna, 2019 WL 1061259, at *4 (quoting Millennium TGA, Inc. v. Leon, No. 12-CV-1360(MKB), 2013 WL 5719079, at *10 (E.D.N.Y. Oct, 18, 2013)). There must a "reasonable basis" for the method used to determine an award. Id. (citing Millennium TGA, 2013 WL 5719079, at *10). A Court will be unable to calculate a just award amount when plaintiff fails to provide it with adequate affidavits or documentary evidence supporting an application for actual damages. See, e.g., McDermott v. NYFirestore.com, Inc., No. 18-CV-10853(AJN), 2020 WL 2765045, at *3 (S.D.N.Y. May 28, 2020) (citing Pasatieri, 2020 WL 207352, at *4) (denying an award of actual damages when plaintiff did not provide any documentary evidence in support); Renna, 2019 WL 1061259, at *4.

Here, plaintiff seeks $3,000 in actual damages but provides scant support for this request. When plaintiff's counsel, Mr. Liebowitz, has previously asked courts to award actual damages, he has provided affidavits, declarations, and other documentary evidence demonstrating the amount of prior licensing fees. See, e.g. Cuffaro v. Fashinisto, LLC, No. 19-CV-7265(GBD(KHP), 2020 WL 5077449, at *3 (S.D.N.Y. July 9, 2020) (noting the submission of affidavits providing proof of prior licensing deals), report and recommendation adopted by, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020); Eva's Photograph, Inc. v. Alisa, LLC, No. 20-CV-1617(MKV), 2020 WL 2904848, at *1 (S.D.N.Y. June 3, 2020) (noting the submission of a declaration stating prior licensing fees); Renna v. Queens Ledger/Greenpoint Star Inc., No. 17-CV-3378(DRH)(SIL), 2019

8

WL 5458798, at *3 (E.D.N.Y. Oct. 2, 2019) (noting the submission of prior invoices documenting prior licensing fees after the Court had initially denied a request for actual damages), report and recommendation adopted by, 2019 WL 5457735 (E.D.N.Y. Oct. 24, 2019). Here, no such documentation was filed. The complaint states that plaintiff "is a professional photographer in the business of licensing her Photograph (sic) to online and print media for a fee," Compl. ¶ 5, yet she failed to provide the Court with any documentary evidence – such as a prior licensing agreement or even her own affidavit – attesting to fees agreed to in the past.[11] The only document plaintiff provides in support of her request for damages is a screenshot from the website of Getty Images, which she calls "a leading stock photography agency," which purports to offer another photographer's image of Virgil Abloh for licensing. Pl. Mot. ¶ 14, Ex. D. Plaintiff relies on the Getty Images website and claims that $1,250 is the "fair market value of a similar photograph" and that she would be "entitled to charge up to $1,500 for use of the Photograph at issue here. Id. The Court is not persuaded.

The Court has found at least four other copyright cases in this Circuit in which plaintiff's counsel relied on the Getty Images website to support a request for actual damages. See, e.g., Pasatieri v. Starline Prods., Inc., No. 18-CV-4688(RPK)(VMS), 2020 WL 5913190, at *1 (E.D.N.Y. Oct. 6, 2020); Cuffaro, 2020 WL 5077449, at *3; Romanowicz, 2018 WL 4762980, at *3; Terry v. Masterpiece Advert. Design, No. 17-CV-8240(NRB), 2018 WL 3104091, at *2 (S.D.N.Y. June 21, 2018). Although the Courts in Cuffaro, Romanowicz, and Terry all awarded plaintiff actual damages, none awarded the amount requested; moreover in each of these cases, plaintiffs provided the Court with more than a screenshot from Getty Images. See Cuffaro, 2020

---

[11] Defendant's article publishing plaintiff's Photograph contains a byline below the Photograph which states "Lauren Fleishman for The New York Times," Compl. Ex. B; still no information was provided regarding any licensing fee which she may have been paid.

WL 5077449, at *4, *7 (relying on plaintiff's affidavit); Romanowicz, 2018 WL 4762980, at *4, *8 (relying on plaintiff's affidavit); Terry, 2018 WL 3104091, at *2, *5 ("Terry's attorney has submitted a declaration from Terry that sets forth the bases of the … request."). Here, plaintiff has failed to file the additional documentary evidence necessary for the Court to determine whether an award of actual damages is appropriate.

In Pasatieri, the Court refused to award actual damages to the plaintiff even after counsel supplied a screenshot from Getty Images as well as plaintiff's declaration. 2020 WL 5913190, at *2. In rejecting plaintiff's personal estimate for what he could have charged for his image and his reliance on Getty Images, the Court reiterated that there must be "some reasonable basis for…computation[s]" of actual damages. Id. (internal quotation marks omitted) (quoting Pasatieri, 2020 WL 207352, at *4). The Court further noted that the search parameters plaintiff used with Getty Images to generate a price estimate were not reasonable. Id.

Here, plaintiff's alleged basis for the Court to award damages is unreasonable. Her submission reveals that the price quoted by Getty Images for its image of Virgil Abloh is based on a use of "up to 1 full page" on a website's "home page." Pl. Mot. Ex. D. This is substantially different than defendant's actual use of the image, as part of an article. The Getty Images photograph also depicts Mr. Abloh at a public event, a setting different from that in plaintiff's photograph. Id. Plaintiff also fails to acknowledge that the Getty Images photograph depicts not only Mr. Abloh but also actor Jaden Smith in the background. Id. In providing only the screenshot from Getty Images for calculation of her damages request, plaintiff is asking the Court to engage in "precisely the sort of undue speculation that courts have cautioned against." Pasatieri, 2020 WL 207352, at *4. The Court should decline to speculate on plaintiff's lost licensing fee and should therefore deny plaintiff's request for actual damages.

## IV. Attorney's Fees and Costs

Plaintiff seeks $2,550 in attorney's fees and $480 in costs.[12] Pl. Mot. ¶ 17. A Court may decline to consider an application for attorney's fees and costs when it denies a request for damages. See Pasatieri, 2020 WL 207352, at *5-6. Here however, the topic requires further analysis because it raises the question of whether plaintiff in this case could ever be entitled to attorney's fees, even if damages were awarded. Although Courts may award "a reasonable attorney's fee to the prevailing party as part of the costs" in a Copyright action, such an award may be statutorily barred in certain circumstances. See 17 U.S.C. § 505 (permitting an award of reasonable attorney's fees when not prohibited by other parts of the act).

Section 412 of the Copyright Act delineates situations in which the Court is prohibited from awarding attorney's fees. In relevant part, and with certain exceptions not applicable here, this section states:

> In any action under this title, … no award of attorney's fees … shall be made for: (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. "The effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights … to be acceptable for registration, have all been received in the Copyright Office. Id. § 410(d). A plaintiff may only be awarded attorney's fees when she shows that the infringement occurred "after the Copyright Office received all the components of her application." Steele v. Bell, No. 11-CV-9343(RA), 2014 WL 1979227, at *6 (S.D.N.Y. Mar. 28, 2014); see Electrolux Home Prods., Inc. v. Buyright

---

[12] Plaintiff's request for attorney's fees is based on counsel's hourly rate. Pl. Mot. ¶¶ 18-19. In one part of his declaration counsel states that his hourly rate is $450 and in another he states it is $425. Compare Pl. Mot. ¶ 18 with Pl. Mot. ¶ 19. Counsel also requests costs totaling $480, but counsel's declaration shows costs of only $440. Compare Pl. Mot. ¶ 17 with Pl. Mot. ¶ 19 ("Costs").

11

Appliances, LLC, No. 14-CV-2461(ILG)(SMG), 2014 WL 5140327, at *3-4 (E.D.N.Y. Oct. 14, 2014) (denying a request for attorney's fees when registration occurred over three months after infringement). "Section 412 imposes a bright-line rule." Steele, 2014 WL 1979227, at *8 (internal quotation marks omitted) (quoting U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc., No. 04 Civ. 6189(JFK), 2008 WL 3906889, at *15 (S.D.N.Y. Aug. 21, 2008)). When "infringement commenced before the date of registration, … attorney's fees are barred even if infringement continued after the date of registration." Id. (internal quotation marks omitted) (quoting Silberman v. Innovation Luggage, Inc., No. 01 Civ. 7109(GEL), 2003 WL 1787123, at *9 (S.D.N.Y. Apr. 3, 2003)).

Plaintiff's filings do not contain the date the Photograph was first published or the effective date of its copyright registration, complicating the Court's effort to ensure compliance with Section 412. However, the Court may take judicial notice of copyright registrations within the United States Copyright Office's public catalog. See Electrolux Home Prods., Inc., 2014 WL 5140327, at *4 (citing Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005) (taking judicial notice of a copyrighted work's date of publication and registration). Review of the public catalog entry for plaintiff's Photograph, registered under number VA-2-166-393, reveals a date of publication of November 5, 2014 and a registration date of August 16, 2019.[13] The article on defendant's website publishing the Photograph is dated March 26, 2018.[14] Compl. Ex. B. Defendant's publication is therefore approximately one year and five months before the effective date of the Photograph's copyright registration. As plaintiff's work was published before

---

[13] U.S. COPYRIGHT OFFICE, PUBLIC CATALOG, 11.5.15-Closet-Fleishman. https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=VA0002166393&Search_Code=REGS&PID=vG1PKEwhS2_BmkG_MSyMXYh3TyPdf&SEQ=20201019114623&CNT=25&HIST=1 (last accessed October 19, 2020)

[14] The print out of the website provided by plaintiff appears to have been printed or retrieved on October 2, 2019 but the article itself is dated May 26, 2018. See Compl. Ex. B.

12

it was registered, the Court must measure the time period between its first publication and registration. See 17 U.S.C. § 412(1)-(2). Since plaintiff registered her copyright more than three months after the first publication of the Photograph, an award of attorney's fees is unavailable. See id. § 412(2). See also, Electrolux Home Prods., Inc., 2014 WL 5140327, at *4 (citing id. § 412(2) (explaining that because registration of a copyright occurred over three months after the work's first publication statutory damages and attorney's fees are unavailable); Homkow v. Musika Records, Inc., No. 04 Civ. 3587(KMW)(THK), 2008 WL 508597, at *5 (S.D.N.Y. Feb. 26, 2008) (discussing how Section 412 is a firm bar on the recovery of attorney's fees).

In light of the fact that plaintiff's Photograph was not registered until after it was published by defendant, plaintiff's request for fees and costs should be denied. See Pasatieri, 2020 WL 207352, at *5-6 (declining to award costs after denying plaintiff's request for actual damages).

## CONCLUSION

Accordingly, I respectfully recommend that plaintiff's motion for a default judgment should be granted in part and denied in part. Plaintiff's motion for default judgment as to defendant's liability should be entered, however plaintiff's request for damages, fees and costs should be denied. Plaintiff is hereby ordered to serve a copy of this Report upon defendant at its last known address and to file proof of service with the Court forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist.

13

Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                                       /S/
                                                                 LOIS BLOOM
                                                                 United States Magistrate Judge

Dated: October 27, 2020
        Brooklyn, New York